IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JQJ LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:17-cv-00875 |
| | § | |
| PELEUS INSURANCE COMPANY. | § | |
| THOMAS ANDREW KORALEWSKI, | § | |
| AND HEIDI JENNIFER MEADE, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANT PELEUS INSURANCE COMPANY'S
## NOTICE OF REMOVAL

Defendant Peleus Insurance Company files this Notice of Removal under 28 U.S.C. Section 1446(a) and respectfully states.

## I.
## INTRODUCTION

1.      Plaintiff JQJ LLC ("Plaintiff") commenced this lawsuit on August 30, 2017 by filing Plaintiff's Original Petition in the 150th Judicial District Court of Bexar County, Texas – Cause No. 2017-CI-16449.

2.      Plaintiff's Original Petition, which includes a jury demand, names Peleus, Thomas Andrew Koralewski ("Koralewski"), and Heidi Jennifer Meade ("Meade") as defendants.

3.      Peleus entered an appearance in this action and filed its Answer to Plaintiff's Original Petition in the 150th Judicial District Court of Bexar County, Texas on September 7, 2017.

4.      To date, neither Koralewski nor Meade have been served with process or entered an appearance in this action.

5.      Peleus files this Notice of Removal within the 30-day time period required by 28 U.S.C. Section 1446(b)(2)(B).

6.      Venue is proper in this district under 28 U.S.C. Section 1441(a) because the state court where the action is pending is located in this district.

7.      Peleus need not obtain Koralewski's and Meade's consent to removal because neither Koralewski nor Meade have been "properly joined and served" as defendants in this action.[1]

## II.
## BASIS FOR REMOVAL

8.      Removal is proper under 28 U.S.C. Section 1332(a) if there is complete diversity between the parties and the amount in controversy exceeds $75,000 excluding interest, costs, and attorneys' fees. These two conditions are clearly satisfied in this matter.

**A.      Removal is Proper Because Complete Diversity of Citizenship Exists Between Plaintiff and Peleus.**

9.      Plaintiff JQJ LLC is a Texas limited liability company with its principal place of business in California. The citizenship of a limited liability company is determined by the citizenship of its members.[2] Plaintiff JQJ LLC's reported members/managers are Jung Hsi, Qing Chang, and John Chang – all of whom are domiciled in California. Plaintiff JQJ LLC is thus a citizen of California for diversity jurisdiction purposes.

---

[1]      28 U.S.C. § 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a), all defendants who have been *properly joined and served* must join in or consent to the removal of the action.") (emphasis added); *Rico v. Flores,* 481 F.3d 234, 239 (5th Cir. 2007) (noting that "a removing party need not obtain the consent of a co-defendant that the removing party contends is improperly joined").

[2]      *See Carden,* 494 U.S. at 195-96.

---

10.     Defendant Peleus is an insurance company incorporated in the State of Virginia with its principal place of business in Virginia. Peleus is thus a citizen of Virginia for diversity jurisdiction purposes.

11.     Defendant Thomas Andrew Koralewski is domiciled in the State of Texas and, therefore, is a citizen of Texas for diversity jurisdiction purposes. However, this Court may disregard Koralewski's citizenship, because Koralewski has not been "properly joined and served" as a defendant in this action.[3] As set forth above, Koralewski has not been served with process or entered an appearance in this lawsuit. Further, as set forth below, Koralewski has been improperly joined to defeat this Court's diversity jurisdiction. There is no possibility that Plaintiff will be able to establish a cause of action against Koralewski in this matter.

12.     Defendant Heidi Jennifer Meade is domiciled in the State of Texas and, therefore, is a citizen of Texas for diversity jurisdiction purposes. However, this Court may disregard Meade's citizenship, because Meade has not been "properly joined and served" as a defendant in this lawsuit.[4] As set forth above, Meade has not been served with process or entered an appearance in this lawsuit. Further, as set forth below, Meade has been improperly joined to defeat this Court's diversity jurisdiction. There is no possibility that Plaintiff will be able to establish a cause of action against Meade in this matter.

---

[3]   28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest *properly joined and served* as defendants is a citizen of the State in which such action is brought.) (emphasis added); *see also Reynolds v. Personal Representative of the Estate of Johnson*, 139 F.Supp.3d 838, 841-42 (W.D. Tex. 2015) (Ezra, J.) (holding that 28 U.S.C. "Section 1441(b)(2) prohibits removal only where a forum defendant has been 'properly joined and served,' and an otherwise proper removal is thus not rendered defective by the presence of a forum defendant in the action who had not been served at the time of removal") (quoting 28 U.S.C. § 1441(b)(2)); *Doe v. Geo Group, Inc.*, Civ. A. No. SA-16-CV-173-XR, 2016 WL 3004675, at *2-3 (W.D. Tex. May 24, 2016) (Rodriguez, J.) (same).

[4]   28 U.S.C. § 1441(b)(2); *see also Reynolds*, 139 F.Supp.3d at 841-42; *Geo Group*, 2016 WL 3004675, at *2-3.

13.     Because Plaintiff is a citizen of California and Peleus – the only properly joined and/or served defendant in this action – is a citizen of Virginia, complete diversity of citizenship exists now and on the date Plaintiff filed this lawsuit.

### *(1)     Plaintiff Improperly Joined Koralewski and Meade as Defendants to Defeat This Court's Jurisdiction.*

14.     Improper joinder is established in two ways: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."[5] Here, the second alternative applies. Under this second approach, a defendant claiming improper joinder must show "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."[6]

15.     When evaluating a plaintiff's reasonable possibility of recovery, the Court may conduct "a Rule 12(b)(6) type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant."[7] And, if the plaintiff has "misstated or omitted discrete facts that would determine the propriety of joinder, the court may, in its discretion, pierce the pleadings and consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for the claim.[8] This analysis "necessarily incorporates the federal pleading standard articulated in *Bell Atlantic Corp. v. Twombly*[, 550 U.S. 544, 547 (2007)]."[9]

---

[5]     *Michels v. Safeco Ins. Co. of Indiana,* No. 13-50321, 544 Fed. Appx. 535, 538, 2013 WL 5935067, *3 (5th Cir. Nov. 6, 2013) (quoting *McKee v. Kan. City S. Ry. Co.*, 358 F.32d 329, 333 (5th Cir. 2004)) (emphasis in original).

[6]     *Id.* (quoting *Smallwood,* 385 F.3d at 573.

[7]     *Smallwood v. Ill. Cent. R.R. Co.,* 385 F.3d 568, 573 (5th Cir. 2004).

[8]     *Id.*

[9]     *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Group, Ltd.*, 818 F.3d 193, 200 (5th Cir. 2016).

---

16.     Under a Rule 12(b)(6) analysis, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions.[10] "Factual allegations must be enough to raise a right to relief above the speculative level."[11] Importantly, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions.[12] Indeed, as the United States Supreme Court has stated, a pleading offering only "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement" is not sufficient and must be dismissed.[13] Finally, to pass muster under a Rule 12(b)(6) analysis, the factual allegations in a petition must state a claim for relief that is plausible on its face.[14] Plausibility requires more than a mere possibility; it calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of actionable misconduct conduct.[15]

17.     Under this standard, it is clear that Plaintiff's Original Petition fails to establish a reasonable possibility of recovery against Koralewski and Meade. Indeed, rather than alleging specific facts against Koralewski and Meade which (if established) would lead to individual liability, Plaintiff has articulated non-specific and conclusory allegations against Koralewski and Meade together with near-verbatim quotations of statutory provisions that Plaintiff contends

---

[10]   *See Papasan v. Allian,* 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

[11]   *Id.* (citing 5 C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE § 1216, pp. 235-236 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")).

[12]   *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005).

[13]   *Ashcroft,* 556 U.S. at 678 (2009).

[14]   *See Twombly,* 550 U.S. at 565.

[15]   *See id.*

Koralewski and Meade violated.[16] At bottom, Plaintiff's Original Petition alleges nothing more

than Koralewski and Meade violated Texas' Deceptive Trade Practices Act and Chapter 541 of

the Texas Insurance Code.[17] These "naked assertions devoid of further factual enhancement" fall

short of stablishing a viable cause of action against Koralewski and Meade under Texas law.[18]

**B.** **Removal is Proper Because Plaintiff's Claimed Damages Exceed This Court's Jurisdictional Threshold of $75,000.**

18.     If it is facially apparent that Plaintiff's claims in this suit exceed $75,000, exclusive

of interest, costs, and attorneys' fees, Peleus' burden to establish the amount in controversy

exceeds this Court's jurisdictional threshold is satisfied.[19] .

19.     Here, Plaintiff's Original Petition states that Plaintiff seeks to recover damages in

excess of $1,000,000 in this lawsuit.[20] It is thus facially apparent that Plaintiff's claims exceed this

---

[16]  *See* Plaintiff's Original Petition at 14-17.

[17]  Plaintiff's Original Petition also asserts claims against Koralewski and Meade for breach of contract, breach of the duty of good faith and fair dealing, and alleged violation(s) of Chapter 542 of the Texas Insurance Code. *See* Plaintiff's Original Petition at 12-13, 19. These claims fail as a matter of law. *See Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F.Supp.3d 721, 723-24 (N.D. Tex. 2014) (Solis, J.) (holding that insured could not recover against insurance adjuster for breach of contract and alleged violations of Chapter 542 of the Texas Insurance Code, which – by its terms – applies only to insurers); *Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 698 (Tex. 1994) (holding that agents and contractors hired by a carrier do not have contractual privity with the insureds and, therefore, are not held to the common-law duty of good faith and fair dealing).

[18]  *Ashcroft*, 556 U.S. at 678 (2009); *see also See Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999)*; Patel v. Acceptance Indem. Ins. Company*, No. 4:15-CV-944-A, 2016 WL 361680, at *3 (N.D. Tex. Jan 28, 2016) (McBryde, J.) (holding that substantially similar allegations against in-state adjuster "[were] nothing more than mere conclusions," thus making the plaintiff's lawsuit "but another in a long line of cases in which attorneys for an insured-plaintiff joined as a defendant in a lawsuit filed against an insurance company to recover policy benefits the insurance adjuster or another representative of the insurance company in an effort to avoid removal of the case from state court to federal court"); *Weber Paradise Apartments, LP v. Lexington Ins. Co.*, 2013 WL 2255256, at *8 (N.D. Tex. May 23, 2013) (Lindsay, J.) (quoting *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999) ("The mere recitation or paraphrasing of statutory provisions, absent at least a modicum of specificity, fails to meet Texas's 'fair notice' pleading standard. '[W]hether the plaintiff has stated a valid cause of action depends upon and is tied to the factual fit between the plaintiff's allegations and the pleaded theory of recovery.'").

[19]  *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1999).

[20]  *See* Plaintiff's Original Petition at 19.

---

Court's jurisdictional threshold of $75,000.

20.     Because there is complete diversity between the parties and the amount in controversy exceeds $75,000 excluding interest, costs, and attorneys' fees, removal is proper under 28 U.S.C. Section 1332(a).

## III.
## CONCLUSION

21.     As required by 28 U.S.C. Section 1446(a) and Local Rule 9027, a copy of each of the following are attached to (or filed with) this Notice of Removal:

    a.     the docket sheet in the state court action; and

    b.     each pleading, writ, or order filed, issued, or entered in the state court action (as separate attachments arranged in chronological order according to state court filing date).

22.     Peleus will promptly file a copy of this Notice of Removal with the clerk of the state court where the action is pending.

WHEREFORE, Defendant Peleus Insurance Company requests that this action be removed from the 150th Judicial District Court of Bexar County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

**Zelle LLP**


By: */s/ James W. Holbrook, III*
   Steven J. Badger
   Texas Bar No. 01499050
   sbadger@zelle.com
   James W. Holbrook, III
   Texas Bar No. 24032426
   jholbrook@zelle.com
   Walter W. Cardwell IV
   Texas Bar No. 24094419
   wcardwell@zelle.com

901 Main Street, Suite 4000
Dallas, Texas 75202-3975
Telephone:  214-742-3000
Facsimile:  214-760-8994

**ATTORNEYS FOR DEFENDANT
PELEUS INSURANCE COMPANY**


## CERTIFICATE OF SERVICE

I hereby certify that, on September 8, 2017, a true and correct copy of Defendant Peleus Insurance Company's Notice of Removal was served upon all known counsel of record pursuant to the Federal Rules of Civil Procedure as follows:

Carlos E. Solis
carlos@solisandsmithlaw.com
Paul A. Smith
paul@solisandsmithlaw.com
Solis & Smith, P.C.
12703 Spectrum Drive, Suite 100
San Antonio, TX  78249
Telephone:  210-223-5000
Facsimile:  210-223-5007
*Attorneys for Plaintiff*

     */s/ James W. Holbrook, III*
     James W. Holbrook, III